UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JO EL ANGEL TREVINO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:09-CV-248RM |
| | ) |
| DREW TITTLE, JOSH ZIGLER, | ) |
| RICHARD EASTES, JOHN KAUFFAN, | ) |
| MICHAEL ANDRY, GRAY BRADLEY, | ) |
| MARION POLICE DEPARTMENT, | ) |
| GRANT COUNTY, and STATE OF | ) |
| INDIANA, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Jo El Angel Trevino, acting *pro se,* filed a civil complaint pursuant to 42 U.S.C. § 1983 asserting that the defendants violated his rights protected by the Constitution's Fourteenth Amendment by conducting an unreasonable search and seizure of his residence. Mr. Trevino seeks leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a complaint filed *in forma pauperis* at any time if the court determines that it is frivolous or malicious or fails to state a claim on which relief may be granted. For the reasons stated below, the court DISMISSES Mr. Trevino's claims against the State and County defendants, STAYS the action against the remaining defendants, and GRANTS Mr. Trevino's request to proceed *in forma pauperis* once the stay is lifted.

I. BACKGROUND

Mr. Trevino doesn't cite any supporting facts in his complaint, but a review of the exhibits attached to his complaint provide the following background

information. On March 5, 2009, officers were called to Mr. Trevino's residence in reference to a domestic disturbance. Upon the officers' survey of the scene and surrounding circumstances, they entered the residence and found an infant, a puppy that appeared to be in poor health, and marijuana. Mr. Trevino was arrested and taken to the Grant County Jail. After conducting an oral probable cause hearing, Judge Warren Haas of Grant County Superior Court III issued a search warrant for the residence. When the officers conducted the search, they discovered more marijuana, drug paraphernalia, and a loaded handgun. The officers seized the drugs, paraphernalia, handgun, and other items that they believed were purchased with the proceeds from the sale of narcotics. They also contacted animal control to take custody of the puppy. The state court made a probable cause determination for the arrest of Mr. Trevino for the charge of 1) neglect of a vertebrate animal, 2) resisting law enforcement, 3) maintaining a common nuisance, 4) neglect of a dependant, and 5) possession of marijuana over 30 grams. On March 9, 2009, the court redetermined that probable cause existed to arrest Mr. Trevino.

Attached to Mr. Trevino's complaint is a copy of a handwritten unsigned document titled "Motion to Dismiss for a[n] Illegal Search and Seiz[ure]," containing a caption of the state criminal proceeding. Mr. Trevino's § 1983 claim for unreasonable search and seizure is based on the events giving rise to his criminal prosecution and contains similar allegations as those in his motion to dismiss. Mr. Trevino isn't seeking declaratory or injunctive relief in this action, but

instead seeks punitive damages. The current status of the state court proceeding is unclear.

## II. Discussion

In the body of the complaint, Mr. Trevino names the following defendants: Drew Tittle (Marion Police Dept.), Josh Zigler (Marion Police Dept.), Richard Eastes (Marion Police Dept.); John Kauffan (Marion Police Dept.), Michael Andry (Grant Count Sheriff Dept.), and Gray Bradley (Grant County Animal Care Control). In the caption, Mr. Trevino names Marion Police Dept., Grant County and State of Indiana as defendants. It isn't clear whether Mr. Trevino intended to name the state and county defendants; he doesn't indicate in the complaint that he's seeking relief against them. In any event, for the reasons explained below, the court finds that the State of Indiana, Marion Police Dept., and Grant County should be dismissed from this action. The court further finds that Mr. Trevino's claims against the remaining defendants should be stayed until the conclusion of the state court proceedings. Finding that Mr. Trevino is indigent, the court GRANTS his request to proceed *in forma pauperis* once the stay is lifted.

*A. Dismissal of State and County Defendants*

Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff must show through his allegations that "it is plausible, rather than merely speculative, that [he is] entitled

to relief." Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008) (quotation mark and citation omitted); *see also* Bell Atl. Corp. v. Twombly, 550 U.S. at 556-557. As a *pro se* plaintiff, this court construes Mr. Trevino's pleadings liberally. *See* Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

The State of Indiana isn't a party that can be sued pursuant to § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 63 (1989) (holding that states are not "persons" liable for damages under § 1983); *see also* Lett v. Magnant, 965 F.2d 251, 255 (7th Cir.1992) (raising *sua sponte* issue that state is not a "person" under § 1983 and can't be sued in its own name for either equitable or monetary relief).

Mr. Trevino's complaint doesn't state a claim against the municipal defendants, either. A complaint brought pursuant to 42 U.S.C. § 1983 against a municipality must allege a constitutional deprivation by an official policy or custom; a municipality can't be liable under § 1983 on a *respondent superior* theory. Monell v. Dept. of Social Serv. of the City of New York, 436 U.S. 658, 691 (1978). Liability may attach to a local government if the plaintiff can demonstrate an official policy through:

> (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

Estate of Sims v. County of Bureau, 506 F.3d 509, 515 (7th Cir. 2007) (citation omitted). Mr. Trevino doesn't allege that there was any policy or custom that caused his constitutional deprivation or that any individual defendant was a

person with final policymaking authority. Even given a liberal reading of Mr. Trevino's *pro se* complaint, Mr. Trevino's allegations don't state a claim against Marion Police Department or Grant County.

*B. Case Stayed Pending Conclusion of State Court Proceeding*

That leaves the individual defendants. Mr. Trevino asserts claims against these defendants for unreasonable search and seizure in violation of his rights under the Fourteenth Amendment. It appears from the attachments to his complaint that Mr. Trevino either has raised this issue in the state criminal prosecution or intends to do so. Because the court finds that this matter cannot proceed without interfering with the state court action, the court stays this case and instructs Mr. Trevino to provide the court with a status of the state criminal prosecution.

In Younger v. Harris, 401 U.S. 37, 53 (1971), the Supreme Court held that unless there are extraordinary circumstances, federal courts should abstain from enjoining ongoing state criminal proceedings. This type of abstention -- known as Younger abstention -- is based on principles of equity and comity - that is, a proper respect for state judicial systems. Younger v. Harris, 401 U.S. at 44. "The rule in Younger . . . is designed to permit state courts to try state cases free from interference by federal courts." Forty One News, Inc. v. County of Lake, 491 F.3d 662, 665 (7th Cir. 2007) (internal quotations and citations omitted). "Since its inception, the doctrine of Younger abstention has been expanded" and "now

applies not only to federal claims seeking to enjoin ongoing state criminal proceedings, but also to federal claims for damages, where the federal claims 'are potentially subject to adjudication' in the state criminal proceeding and thus could 'interfere' with the state criminal proceeding." Robinson v. Lother, No. 04C2382, 2004 WL 2032120, at *2 (N.D. Ill. Sept. 1, 2004) (*citing* Simpson v. Rowan, 73 F.3d 13, 137-139 (7th Cir. 1996)). "That's because a federal damages suit, although not interfering with the state proceeding to the same degree as an injunction, could beat the state action to judgment and either undermine . . . or preclude the State's consideration of some issues." Majors v. Engelbrecht, 149 F.3d 709, 714 (7th Cir. 1998) (internal citations omitted).

In deciding whether the Younger abstention doctrine applies, the court must first determine whether litigating Mr. Trevino's federal claims could interfere with an ongoing state proceeding. Simpson v. Rowan, 73 F.3d at 138. The court must abstain from proceeding with the federal claims if (1) there is an ongoing state proceeding that is judicial in nature; (2) the state proceeding implicates important state interests; (3) there is an adequate opportunity in the state court proceeding to raise the constitutional challenge presented in the federal claims; and (4) there are no extraordinary circumstances that would render abstention inappropriate. Green v. Benden, 281 F.3d 661, 666 (7th Cir. 2002); Forty One News v. County of Lake, 491 F.3d at 665-666. The "extraordinary circumstances" exception to Younger is limited and only applies in "those situations where the state proceeding is being conducted in bad faith or for purposes of harassment, where there is an

extraordinarily pressing need for immediate equitable relief, or where the challenged provision patently violates express constitutional prohibitions." Robinson v. Lother, 2004 WL 2032120, at *2 (internal quotations and citations omitted); FreeEats.com, Inc. v. Indiana, 502 F.3d 590, 596-597 (7th Cir. 2007); Stroman Realty v. Martinez, 505 F.3d 658, 664 (7th Cir. 2007).

In Simpson v. Rowan, Mr. Simpson filed a *pro se* complaint alleging that he was arrested falsely and wrongfully searched without a warrant in violation of his Fourth Amendment rights. 73 F.3d at 134. Mr. Simpson sought compensatory and punitive damages based on the defendants' alleged violation. Id. While his civil case was pending in federal court, Mr. Simpson was convicted in state court and appealed to the state supreme court. Id. The Simpson court found that his federal damage action raised constitutional issues that were potentially subject to adjudication in his appeal to the state supreme court. Id. at 138. "For instance, were Simpson to prevail on his federal damages action before the conclusion of the state supreme court proceedings, the resulting federal judgment might undermine the supreme court's consideration of Simpson's constitutional defenses to his criminal conviction." Id. The court explained that "[t]he policy against federal interference with pending state proceedings would thus be frustrated as much by a damages award as it would by either an injunction or declaratory judgment. Younger abstention is therefore appropriate while the case works its way through the state appellate process." Id.

The court held that because Mr. Simpson sought monetary damages - relief that was unavailable from his pending state proceeding - the case should be

stayed, not dismissed. Id. "A stay allows the state case to go forward 'without interference from its federal sibling, while enforcing the duty of federal courts 'to assume jurisdiction where jurisdiction properly exists.'" Id. (citation omitted).

As in Simpson v. Rowan, there is potential for friction between the state and federal courts regarding Mr. Trevino's Fourteenth Amendment claim of unreasonable search and seizure. If Mr. Trevino has filed a motion to suppress in the state criminal proceeding arguing that the search and seizure was unreasonable, a federal determination of Mr. Trevino's § 1983 claim may conflict with that of the state court, so this court must abstain. It also appears that the state criminal prosecution is ongoing, but as indicated below, the court instructs Mr. Trevino to supply the court with additional information regarding the status of the state criminal proceeding. Further, the "state proceeding implicates important state interests: the prosecution of alleged criminal activity, as well as the behavior of police officers in effectuating [searches]." Robinson v. Lother, 2004 WL 2032120, at *6 (citations omitted). It appears that Mr. Trevino has an opportunity in state court to present the constitutional issues that he is now raising before this court. Finally, no extraordinary circumstances exist making it more appropriate to go forward with Mr. Trevino's civil case instead of abstaining until Mr. Trevino's state proceedings are complete.

Accordingly, this action is stayed pending resolution of Mr. Trevino's state criminal proceeding unless Mr. Trevino presents the court with information regarding the state court action that requires the court to re-examine this ruling.

C. *Request to Proceed In Forma Pauperis*

Mr. Trevino submitted a petition for leave to proceed *in forma pauperis*. Mr. Trevino's submissions show he is currently unemployed with no income. It appears he is unable to prepay the $350.00 filing fee. The court therefore GRANTS Mr. Trevino's request to proceed *in forma pauperis* (docket # 2) once the stay is lifted; WAIVES payment of the filing fee; and DIRECTS the U.S. Marshal Service, pursuant to 28 U.S.C. § 1915(d) to effect service of process on the remaining defendants.

III. Conclusion

For the foregoing reasons, the court:

(1) **DISMISSES** Marion Police Department, Grant County and State of Indiana as defendants;

(2) **STAYS** this action against all remaining defendants;

(3) **INSTRUCTS** Mr. Trevino to file a status report within **ten days from the date of this order** (i) attaching a recent copy of the docket sheet from the state criminal proceeding; (ii) informing the court of the status of the state criminal proceeding; (iii) stating whether he has filed a motion in that proceeding regarding the alleged Fourteenth Amendment violations, and if so, (iv) providing a status of the ruling on that motion along with a copy of the filed motion; and

(4) **GRANTS** the *in forma pauperis petition* (docket # 2), **WAIVES** payment of the filing fee; and **DIRECTS** the U.S. Marshal Service, pursuant

to 28 U.S.C. § 1915(d) to effect service of process on the remaining defendants.

SO ORDERED.

ENTERED: September 22, 2009

/s/ Robert L. Miller, Jr.<br>
Chief Judge<br>
United States District Court